UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Juan Guillerm Lopez-Campanella, | Case No. 25-cv-1694 (ECT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

Petitioner Lopez-Campanella is a federal prisoner serving a sentence imposed by the United States District Court for the Middle District of Florida after pleading guilty to a drug offense. *See United States v. Lopez-Campanella*, 8:22-CR-0028 (2) (M.D. Fla.). The Court who imposed the sentence in *Lopez-Campanella* remarked that the case was somewhat peculiar in that, prior to his extradition, Lopez-Campanella—a citizen of Colombia—had never set foot in the United States during the commission of his criminal offense. But, the scheme to distribute narcotics for which he was convicted involved using an airplane registered in the United States, and that was sufficient to confer jurisdiction on the Middle District of Florida pursuant to 21 U.S.C. § 959. Lopez-Campanella is serving the final months of his sentence at the Federal Medical Center at Rochester, Minnesota.

This matter is before the Court on Lopez-Campanella's petition for a writ of habeas corpus. *See* Docket No. 1. In his habeas petition, Lopez-Campanella requests the "return of his collected and previously earned 'good time' credit," which he appears to calculate as totaling 720 days, requiring his immediate release. *Id.* at 1. The petition is now before

the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court concludes that Lopez-Campanella has not pleaded facts establishing an entitlement to habeas corpus relief. Accordingly, it recommends the habeas petition be denied.

Lopez-Campanella's habeas petition is a very short but muddled document. Understanding the petition requires some amount of parsing to understand what, precisely, Lopez-Campanella is claiming. A criminal defendant convicted in federal court does not usually serve the face value of the sentence imposed upon them, because there are multiple provisions of law that shorten the actual time the defendant will remain in prison. The most widely applicable of these provisions is found at 18 U.S.C. § 3624(b)(1), which provides that all federal prisoners who have been sentenced to a term of imprisonment of more than a year but less than life imprisonment "may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court," so long as the prisoner follows the rules while in prison. These credits are typically referred to as "good time" credits because they are awarded automatically to prisoners as an encouragement for good behavior. Nearly every federal prisoner is eligible to receive good time credits, and the award of good time credits under § 3624(b)(1) is sufficiently automatic that prisoners have a protected liberty interest in maintaining those credits—which means that good time credits cannot be taken away from a prisoner absent due process protections. *See, e.g.*, *Fiorito v. Fikes*, No. 22-CV-0769, 2022 WL 16699472, at *5-6 (D. Minn. Nov. 3, 2022).

---

[1] The habeas petition in this matter is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. *See* Rule 1(b).

In his habeas petition, Lopez-Campanella refers to having been deprived of "'good time' credit." Petition at 1. He also expressly refers to a different provision that may also result in a reduction in the amount of time that a federal prisoner must remain in prison, the First Step Act of 2018 (FSA). The FSA directs the Federal Bureau of Prisons to offer prisoners in its custody the opportunity to participate in "evidence-based recidivism reduction programming" and "productive activities." 18 U.S.C. § 3632(d)(4)(A). As an incentive to enroll, most prisoners who participate in the programming or activities may earn time credits that may be applied towards shortening their sentence by up to one year.

Despite the reference to "good time credit" in his petition, Lopez-Campanella is clearly seeking relief for having lost (or not received) FSA time credits. Lopez-Campanella alleges "[i]f you were to make the changes to the sentence, by adding ANY earned 'time credit', whether from FSA at 365 days for the total sentence, or 720 days total, from a 15 day-per-month credit, petitioner would already, or at least be ready for release from incarceration *today*." Petition at 1. This is a reference to the FSA, *see* 18 U.S.C. § 3632(d)(4)(A), not to § 3624(b)(1), which awards credits at a much lower rate.[2] It is the loss of these FSA credits, Lopez-Campanella alleges, that entitles him to habeas relief.

But there is an obvious obstacle to Lopez-Campanella earning FSA time credits. Whereas nearly every federal prisoner is eligible to earn good time credits, many federal prisoners are excluded from earning FSA time credits. Among those prisoners excluded from applying FSA time credits towards their sentence are prisoners who are "subject of

---

[2] FSA credits, as explained above, may not be applied to reduce a sentence by more than one year, *see* 18 U.S.C. § 3624(g)(3), while good-time credits awarded under § 3624(b)(1) have no such upper bound.

3

a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E). This provision could not be clearer.

It is the responsibility of the habeas petitioner to plead *facts* establishing an entitlement to habeas relief. *See* Rule 2(c)(2), Rules Governing Section 2254 Cases. Lopez-Campanella alleges "new legislation dictates that, deportable aliens are *in deed* eligible for relief under the FSA credits policy of the B.O.P." Petition at 1 (sic throughout). This allegation is an obvious reference to and meant to overcome the fact that FSA excludes from credit those prisoners who are subject to a final order of removal. The problem is that the allegation is—as a matter of law—plainly untrue.[3] Section 3632(d)(4)(E) remains in effect. Unless and until that provision is amended, persons subject to a final order of removal are ineligible to apply FSA time credits towards their sentence. Thus, the basis on which Lopez-Campanella has alleged his eligibility for FSA time credits does not exist and Lopez-Campanella has alleged no other facts to establish such eligibility.

Because Lopez-Campanella has not pleaded facts establishing his eligibility for FSA time credits and because the change in law pursuant to which Lopez-Campanella seeks relief does not exist, there is no basis on which this Court can conclude that the Federal Bureau of Prisons has detained (or intends to detain) Lopez-Campanella for longer than legally appropriate. Accordingly, the Court recommends the habeas petition be denied and this matter dismissed.

---

[3] Lopez-Campanella is not the first petitioner in the District of Minnesota seeking relief pursuant to an unspecified new provision of law that supposedly amends the FSA to permit individuals subject to a final order of removal to apply FSA time credits towards their sentence.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**THE COURT RECOMMENDS**:

1. The petition for a writ of habeas corpus of petitioner Juan Guillerm Lopez-Campanella [Docket No. 1] be **DENIED**.

2. This matter be **DISMISSED**.

Dated: May 8, 2025

s/ David T. Schultz  
DAVID T. SCHULTZ  
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).